UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAYANE BEKARYAN, | No. 2:24-cv-02574-JAM-CSK |
| Plaintiff, | ORDER STAYING ACTION |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

Before the Court is the United States's ("Defendant" or "Government") motion to dismiss claims for lack of subject matter jurisdiction. See Mot., ECF No. 13. Plaintiff Gayane Bekaryan opposed. See Opp'n, ECF No. 14. The United States replied. See Reply, ECF No. 15. For the following reasons, the Court stays this action.[1]

I.   FACTUAL BACKGROUND

Plaintiff alleges she was injured when she tripped and fell after catching her foot on a groundwater monitoring well lid

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for June 17, 2025.

1

1  maintained by the United States Air Force.  See Compl. ¶¶ 11-14,
2  ECF No. 1.  After Plaintiff's fall, the groundwater well lid was
3  repaired and a new United States Air Force designation label was
4  put over the lid cover.  See Compl. ¶ 12.
5   On October 24, 2023, Plaintiff filed administrative tort
6  claims with the United States Department of Air Force.  See
7  Declaration of Rachel R. Davidson ("Davidson Decl.") at ¶ 2 at
8  Ex. 1.  Plaintiff's administrative claim was denied on April 4,
9  2024.  Id. at ¶ 3 at Ex. 2.  In this initial denial, the agency
10 seemingly referenced inaccurate facts such as a "claim for damage
11 for [a] vehicle."  See Id. Ex. 2.  Plaintiff then sought
12 reconsideration in a letter dated April 29, 2024.  Id. at ¶ 4.
13 Under 28 C.F.R. § 14.9(b), the Air Force had six months to
14 respond to the request for reconsideration.  On September 23,
15 2024, Plaintiff filed this lawsuit.  See Compl., ECF No. 1.  Then
16 on October 4, 2024, the Air Force issued a final denial of
17 Plaintiff's claim.  See Davidson Decl. at ¶ 5 at Ex. 4.
18  In its motion to dismiss, the Government argues that this
19 Court does not have jurisdiction to hear Plaintiff's claims
20 because Plaintiff failed to comply with the FTCA's administrative
21 exhaustion prerequisites by filing her lawsuit before her
22 reconsideration request was denied.  See Mot. at 4.  Plaintiff
23 argues that the FTCA's statutory requirements are subject to
24 equitable tolling and that the caselaw the Government relies on
25 is outdated.  See Opp'n at 10.  In their reply, the Government
26 cites to Perez v. United States, No. 2:22-CV-00941-KJM-AC, 2023
27 WL 4669993 (E.D. Cal. July 19, 2023) (appeal pending, 9th Cir.
28 Nos. 23-16139 and 24-7042).  Notably, Perez is currently being

considered by the Ninth Circuit and shares similar material facts and questions of law to the instant case.

## II.  OPINION

### A.  Legal Standard

A court may *sua sponte* stay an action against individual defendants pending resolution of external proceedings which may affect the outcome of a case.  "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936); see also Ernest Bock, LLC v. Steelman, 76 F.4th 827, 842 (9th Cir. 2023).  A district court "may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." Mediterranean Enters., Inc. v. Ssangyong Corp., 708 F.2d 1458, 1465 (9th Cir. 1983) (citation omitted).

The Ninth Circuit has "identified three non-exclusive factors courts must weigh when deciding whether to issue a docket management stay: (1) 'the possible damage which may result from the granting of a stay'; (2) 'the hardship or inequity which a party may suffer in being required to go forward'; and (3) 'the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law.'" See In re PG&E Corp. Sec. Litig., 100 F.4th 1076, 1085 (9th Cir. 2024) (citations omitted).  The Ninth Circuit has repeatedly held that a district court does not abuse its discretion by staying litigation for efficiency reasons pending resolution of other

1  related proceedings.  See, e.g., Lockyer v. Mirant Corp., 398
2  F.3d 1098, 1110-12 (discussing cases upholding stays).
3      B.    Analysis
4       The first two factors of the stay analysis, possible damage
5  of a stay and hardship, balances the potential prejudice to the
6  parties.  Id.  The third factor assesses judicial economy and
7  efficiency.  Id.  Although the parties have not moved for a stay,
8  the Court finds that a stay would serve the interests of both
9  parties as to not prejudice them and that a stay would facilitate
10 the fair administration of justice.
11      Here, the pending appeal in Perez deals with a similar
12 timeline of events and identical controlling issues of law.  Like
13 the case before this Court, Perez involves plaintiffs who filed a
14 lawsuit prematurely before denial of their reconsideration
15 request.  Perez, 2023 WL 4669993 at *2.  Perez also raises the
16 central legal question of whether the FTCA's statutory exhaustion
17 requirements are non-jurisdictional.  Id.  A decision from the
18 Ninth Circuit in Perez could be dispositive of Defendant's motion
19 to dismiss in this case because it would settle whether or not
20 the FTCA's statutory requirements are subject to equitable
21 tolling in this Circuit.  See Opp'n at 10.
22      The Court finds that any potential prejudice to either party
23 from a stay at this stage of the proceedings is minimal because
24 there is no risk of lost evidence and the Perez appellate case is
25 likely to resolve within a reasonable period of time.  The
26 underlying facts are well-documented in the Air Force's
27 administrative record and the scheduling order in Perez indicates
28 that briefing will be completed by the end of next month.  See

Raul Perez, et al v. USDA, et al, Nos. 23-16139 and 24-7042, Dkt. Nos. 21 and 18. Regardless of which way this Court decides Defendant's motion to dismiss, a stay allows this Court and the parties a means to avoid the risk that the Ninth Circuit reaches an opposite legal conclusion. Accordingly, the Court exercises its discretion here to stay the proceedings pending finality on the existing FTCA statutory exhaustion legal question being considered by the Ninth Circuit in Perez.

### III. ORDER

Based on the reasons set forth above, the Court STAYS this action pending resolution of the legal questions in Perez v. United States, No. 2:22-CV-00941-KJM-AC, 2023 WL 4669993 (E.D. Cal. July 19, 2023) (appeal pending, 9th Cir. Nos. 23-16139 and 24-7042). The parties are ordered to file a joint status report within ten days of the Ninth Circuit decision in Perez or July 27, 2026, whichever occurs first.

IT IS SO ORDERED.

Dated: July 25, 2025

JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE